UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BENJAMIN ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00294-JMS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Benjamin Adams' petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as IYC 16-17-0176. For the reasons explained in this Entry, Mr. Adams' petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1 ) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On November 22, 2016, Investigator P. Prulhiere completed a Report of Investigation describing Mr. Adams' involvement in an effort to traffic synthetic marijuana at Plainfield Correctional Facility. Dkt. 13-2. The report states that a package was thrown over the prison's fence from a car and that security video showed Mr. Adams taking possession of part of the package—which contained synthetic marijuana—from another inmate. *Id.* Later, on November 22, Investigator Prulhiere wrote a Report of Conduct concluding that the evidence uncovered in the investigation was sufficient to charge Mr. Adams with dealing in a synthetic drug or lookalike substance in violation of Indiana Code § 35-48-4-10.5(e)(1)(B). Dkt. 13-1.

The disciplinary proceeding against Mr. Adams was resolved once but set for rehearing. On February 28, 2018, in preparation for the rehearing, Mr. Adams received a Screening Report notifying him that he had been charged with "Conspiracy/Attempt/Aiding in Trafficking" in violation of Codes A-111 and A-113 of the Indiana Department of Correction's (IDOC) Adult Disciplinary Process. Dkt. 13-3. The screening report indicates that Mr. Adams intended to plead guilty, and it includes the following written statement: "I pled Guilty to B 233 Giving or Receiving." *Id.*[1]

The hearing officer found Mr. Adams guilty of violating Code B-233 at a rehearing later on February 28, 2018. Dkt. 13-4. The hearing officer's report indicates that Mr. Adams made the following statement: "I Pled Guilty To B233 Giving/Recieving Anything of Value w/o sanction." *Id.* The report indicates that the hearing officer considered Mr. Adams' statement and Investigator

---

[1] Neither party has directed the Court to the text of Code B-233 that was in effect at the time of the incident. The version currently in effect and available to the public shows that an inmate violates Code B-233 by "[g]iving or offering anything of value to a staff member, authorized volunteer, visitor or contractor or possessing, giving to or accepting from any person anything of value without proper authorization." IDOC, Adult Disciplinary Process, App'x I: Offenses, at § 233 (June 4, 2018) (avail. at https://www.in.gov/idoc/3265.htm).

Prulhiere's reports in reaching his determination. *Id.* The hearing officer assessed sanctions, including the loss of 90 days' earned credit time and a suspended demotion of one credit-earning class. *Id.*[2]

The hearing officer's report indicates that he did not sanction Mr. Adams to time in disciplinary restrictive status housing (DRSH) because he already served time in DRSH while awaiting his rehearing. *Id.* Shortly after his rehearing, however, Mr. Adams was assigned to Department Wide Administrative Restrictive Status Housing (DWARSH). Dkt. 15-1. IDOC records indicate that this assignment was based on Mr. Adams' "overall negative adjustment." These documents indicate that Mr. Adams was convicted of at least seven conduct violations in the previous two years and that one of his disciplinary infractions resulted in serious bodily injury to an inmate. *Id.*

### III. Analysis

Mr. Adams challenges his disciplinary conviction on two grounds: that he was denied an impartial decisionmaker, and that his conviction is not supported by sufficient evidence. These arguments fail for separate reasons.

**A.     Impartial Decisionmaker**

A prisoner in a disciplinary action has the right to be heard before an impartial decision-maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision-maker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.

---

[2] The hearing officer's report does not refer to Code B-233 outside of Mr. Adams' statement, and it identifies Mr. Adams' offense as violating Codes A-111 and A-113. *See* dkt. 13-4. However, there appears to be no dispute between the parties that Mr. Adams pled guilty to and was sanctioned for violating Code B-232.

2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. However, the presumption is overcome—and an inmate's right to an impartial decision-maker is breached—when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Adams does not allege that the hearing officer, C.A. Penfold, was directly or substantially involved in the factual events underlying his charges or in the investigation of those events. Rather, he alleges that he pled guilty to violating Code B-233 on C.A. Penfold's promise that he would be released from DRSH and returned to the general population and that this deal was breached when he was assigned to DWARSH.

Mr. Adams' claim relies on the theory that a hearing officer acts with bias and violates due process by reneging on a plea agreement. The Court is not aware of any legal authority to support this theory, but it need not settle the question because it finds no evidentiary support in this case. C.A. Penfold did not sanction Mr. Adams to time in DRSH, and he did not recommend or approve Mr. Adams' assignment to DWARSH. *See* dkts. 13-4, 15-1. This assignment was imposed by other prison officials based on numerous factors—not by C.A. Penfold based on Mr. Adams' conviction in IYC 16-11-0176. No facts undermine the legal presumption that C.A. Penfold heard Mr. Adams' case impartially. *See Piggie*, 342 F.3d at 666.

**B.      Sufficiency of the Evidence**

Mr. Adams next challenges his conviction as unsupported by any evidence. As an initial matter, this challenge is barred by procedural default.

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019).[3] "To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the facility head and to the Final Reviewing Authority." *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of the IDOC's administrative appeals process)).

Mr. Adams appealed his conviction, but he did not challenge the sufficiency of the evidence against him. *See* dkt. 13-6. Rather, he argued he should not be confined to DWARSH because of his guilty plea in this case. *See id.* Because Mr. Adams failed to raise sufficiency of the evidence in his appeals, he may not raise that challenge in this Court.

Even if the Court could entertain Mr. Adams' sufficiency argument, it would necessarily fail. At least one piece of evidence supported the hearing officer's conclusion that Mr. Adams violated Code B-233: Mr. Adams pled guilty to the offense. This evidence was sufficient to satisfy

---

[3] *See also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("That procedural default means . . . that state remedies were not exhausted, and precludes consideration of this theory under § 2254 . . . .").

due process. *See Ellison*, 820 F.3d at 274 ("[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary.").

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Adams' petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Carrico's petition for a writ of habeas corpus must be **denied,** and the action **dismissed.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/5/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BENJAMIN ADAMS
993788
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov